MARSHALL FIELD & CO. v. GEORGE S. KELLEY CO., Inc.

(Circuit Court of Appeals, First Circuit.  April 28, 1916.)

No. 1176.

1. PATENTS ⊛⟶328—VALIDITY AND INFRINGEMENT.
    The Tarnow patent, No. 985,075, for fastening device for ribbon bows, is strictly limited to the device shown and described, and, as so limited, *held* not infringed.

2. TRADE-MARKS AND TRADE-NAMES ⊛⟶93(3)—UNFAIR COMPETITION.
    To justify an injunction against alleged unfair competition, which will operate as restraint in the mercantile field, the case must be unmistakably clear and beyond question.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 106; Dec. Dig. ⊛⟶93(3).]

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Suit in equity by Marshall Field & Co., a corporation, against the George S. Kelley Company, Incorporated.  Decree for defendant, and complainant appeals.  Affirmed.

George L. Wilkinson, of Chicago, Ill. (James H. Thurston, of Providence, R. I., on the brief), for appellant.

Alex. P. Browne, of Boston, Mass. (Browne & Woodworth, of Boston, Mass., and William S. Flynn and F. Webster Cook, both of Providence, R. I., on the brief), for appellee.

Before PUTNAM, Circuit Judge, and ALDRICH and MORTON, District Judges.

ALDRICH, District Judge.  [1]  The device with which this case is concerned is one which provides means for holding securely, in an attractive way, a ribbon bow when worn upon the hair of young girls or women.  We view it as one having some measure of novelty in its application to a sort of passing fad, because it points out not only the mechanical means for holding a ribbon in place, but illustrates, in a way, the style or fashion of the day, including the kind of a bow which it will hold, and how it may be attractively placed upon the hair.

After considerable delay in the Patent Office proceedings, in which the inventor's claims were readjusted, simplified, and limited, the patent was issued upon a claim which expressly described a particular mechanical device.

The court below dealt with this case as not only one in which the ordinary and reasonable construction would limit the patentee's rights to the particular thing described, but as one in which the patentee himself had acted upon that idea.

While the patentee describes measurably ingenious means for holding a hair ribbon bow in place, such result is reached through assembling well-known mechanical means, and while it is accomplished through a somewhat deft handling of such instrumentalities for the purpose of easy adornment, and while it may have been justifiable to sustain the patent with the limitations which confine it to the particular

device described, we do not see in it such originality or general merit as would justify a liberal and broad construction to the end that the patent should cover other ingenious arrangements for that kind of personal adornment.

As we hold this view, it follows that the conclusions of the court below must be affirmed upon this phase of the case.

[2] Now, as to unfair competition in trade: The ornamental device of which the plaintiffs complain does the work in substantially the same way as that of the one described in the patent, yet there are mechanical differences in the way the clasps are arranged, and there are differences in the bases of the two devices, which the casual purchaser would naturally discover. In the complainants' device there is a conspicuous slot in its base or body, which, it is said, performs the function of holding the ribbon in place, while in the alleged offending device there is no slot, but a solid base with three prominent and conspicuous stars thereon, which, it is said, perform the function of holding the ribbon in place.

It is quite true that the differences between the two things are slight, and if the object of the patent was something more substantial, the case might be made so strong as to justify judicial interference by way of restraint upon the ground of unfair competition. But in a case like this, when a plaintiff provisionally stands upon grounds independent of the scope of his patent, and goes to the proposition of unfair competition in trade, he prevails, if he prevails at all, under the general doctrines of equity, and where an injunction is sought which would operate as restraint in the mercantile field, it is a principle of equity, based upon considerations of caution, that to justify an injunction the case must be unmistakably clear and beyond question. That is a requirement of equity which we think the merits of the plaintiffs' case do not answer, and it results, therefore, that:

The decree of the District Court is affirmed, with costs of this court.